MICHAEL J. McCUE (Nevada Bar #6055)
JOHN L. KRIEGER (Nevada Bar #6023)
LEWIS AND ROCA LLP
Suite 600
3993 Howard Hughes Parkway
Las Vegas, Nevada 89109
Telephone: (702) 949-8224
Fax: (702) 949-8363

Attorneys for Plaintiff
Midbar Condo Development, L.P.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MIDBAR CONDO DEVELOPMENT, L.P., a Nevada limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>JEC II LLC, a New York limited liability company; THE ONE GROUP, LLC, a Delaware limited liability company; and ONE MARKS, LLC, an unknown business entity,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Midbar Condo Development, L.P ("Midbar"), for its complaint against Defendants JEC II LLC, The One Group, LLC, and One Marks, LLC, alleges as follows:

## NATURE OF THE CASE

This is an action by Midbar, the developer of the ONE LAS VEGAS condominium project in Las Vegas, against Defendants for a declaratory judgment that Midbar's ONE LAS VEGAS mark does not infringe upon Defendants' ONE formative marks. In addition, Midbar asserts claims for common law unfair competition and tortuous interference with prospective contractual relationships. Midbar seeks a declaratory judgment, injunctive relief, damages, attorneys' fees and costs against Defendants.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

56086.1

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Midbar is a limited partnership formed under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada.

3. Defendant JEC II, LLC ("JEC") is a New York limited liability company with its principal place of business in New York, New York, at 1 Little West 12.

4. Defendant The One Group, LLC ("One Group") is a Delaware limited liability company with its principal place of business in New York, New York, at 1 Little West 12.

5. Upon information and belief, One Marks, LLC ("One Marks") is an unknown business entity with its principal place of business in New York, New York, at 1 Little West 12.

6. This Court has specific personal jurisdiction over Defendants based on the fact that they have expressly aimed their tortious conduct at Midbar in the State of Nevada knowing that such conduct would have effects in, and cause injury to, Midbar in the State of Nevada.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue lies in the unofficial Southern division of this Court.

## FACTUAL ALLEGATIONS

8. In September 2003, Kryfam Limited Partnership ("Kryfam") began negotiations to purchase real property located at Las Vegas Boulevard South and Shelbourne in Las Vegas, Nevada ("Property") for a mixed use multi-unit residential and commercial project.

9. On December 23, 2003, Kryfam executed a contract to purchase the Property.

10. Midbar is a limited liability partnership formed on April 19, 2004.

11. On or around April 19, 2004, after Midbar was formed, Kryfam assigned the contract to Midbar.

12. On April 23, 2004, the sale of the Property to Midbar closed.

13. In or around April 2004, Midbar retained an architectural firm to develop plans to build the mixed use multi-residential and commercial project on the Property.

14.     In or around April 2004, Midbar began the process of conceiving a name for the project, which eventually became ONE LAS VEGAS and, as an alternative, ONE LIFESTYLE CONDOMINIUMS LAS VEGAS.

15.     In or around May 2004, Midbar hired a third party to conduct a market study for the project.

16.     In May 2004, Midbar also began work on its web site for the project at <one-lasvegas.com>, which has been active since that time.

17.     In or around June 2004, Midbar began obtaining proposals from advertising agencies to develop marketing materials for the ONE LAS VEGAS project.

18.     In July 2004, Midbar's outside advertising agency developed logos for the ONE LAS VEGAS project and began developing marketing materials, including, brochures, mailers, and billboard copy.

19.     On July 21, 2004, Midbar filed intent-to-use trademark applications with the United States Patent and Trademark Office ("USPTO") for the word marks ONE LIFESTYLE CONDOMINIUMS LAS VEGAS and ONE LIFESTYLE CONDOMINIUMS in International Class 35 for real estate services (namely, sales, leasing, and management of commercial and residential property, including condominiums) and in International Class 37 for real estate development and construction of commercial and residential property (including condominiums).

20.     On August 8, 2004, Midbar filed an intent-to-use trademark application with the USPTO for ONE LAS VEGAS in International Class 37 for real estate development and construction of commercial and residential property, including condominiums.

21.     Midbar has spent or committed more than $3.5 Million in advertising and marketing the ONE LAS VEGAS project, including running newspaper and magazine advertisements, producing and distributing mailings and brochures, leasing office space for three years for a sales office, employing a five-person sales staff, hiring architects and interior decorators to design the sales office, erecting billboards on interstate traffic corridors, and establishing a web site providing information on the project.

22. Pursuant to binding purchase agreements, Midbar has sold approximately 200 condominium units valued in excess of $100 Million under the ONE LAS VEGAS mark.

23. Upon information and belief, JEC owns and operates a restaurant and cocktail lounge in New York's meat packing district located at 1 Little West 12.

24. On or about August 11, 2003, JEC filed an intent-to-use application for federal registration of the mark ONE MANHATTAN for nightclub services and restaurant, bar, and cocktail lounge services.

25. Upon information and belief, JEC, however, did not name its restaurant and cocktail lounge "One Manhattan" concomitant with its trademark application but, rather, named it "One Little West 12," a name identical to its address.

26. Upon information and belief, One Little West 12 opened for business in or around December 2003.

27. Upon information and belief, since the date it opened, JEC's restaurant has only been known by the name "ONE" or "ONE Little West 12."

28. JEC did not file an application to obtain a federal trademark registration for its ONE mark in Class 43 for restaurant, bar and cocktail lounge services until July 2004.

29. On or about June 16, 2004, JEC filed intent-to-use applications for THE ONE mark in Class 43 for restaurant, resort, and hotel services, Class 36 for apartment leasing, rental and management services, Class 41 for ski resorts, and Class 44 for health spa services, as well as for the ONE mark in Class 41 for nightclub services.

30. On or about December 7, 2004, One Group filed an intent-to-use application for the THE ONE LAS VEGAS mark in Class 43 for restaurant, bar, cocktail lounge, resort hotel, spa, and health resort services, namely providing food and lodging specializing in promoting its patrons' general health and well being.

31. Midbar's filing of its trademark application for ONE LAS VEGAS predates One Group's trademark application for THE ONE LAS VEGAS by approximately four months.

32. On or about July 14, 2005, the USPTO preliminarily denied One Group's application for registration of THE ONE LAS VEGAS mark based upon Midbar's pending

1  application, asserting that One Group's asserted use could cause confusion with Midbar's asserted
2  use once Midbar's mark registers.  Consequently, the USPTO suspended further proceedings on
3  One Group's trademark application until Midbar's ONE LAS VEGAS mark registers.

4  33. The USPTO issued JEC a federal registration for its ONE MANHATTAN mark on
5  July 19, 2005.

6  34. Upon information and belief, JEC did not actually use the ONE MANHATTAN
7  mark in commerce until February 4, 2005. Upon information and belief, JEC only uses its ONE
8  MANHATTAN mark on its web site located at <onelw12.com>, but not physically on the
9  premises of the restaurant and cocktail lounge.

10 35. On or around October 7, 2005, JEC filed with the USPTO an opposition to
11 registration of Midbar's ONE LAS VEGAS mark.

12 36. Despite the fact that JEC's only actual use of the ONE mark is for restaurant and
13 nightclub services, JEC's notice of opposition claims that consumers will confuse Midbar's use
14 with JEC's intended use of THE ONE for apartment leasing, rental and management services.

15 37. JEC asserts that its registration and applications have priority over Midbar's
16 applications.  JEC attempts to inappropriately tack One Group's application for THE ONE LAS
17 VEGAS on to JEC's existing trademark applications for ONE and THE ONE and the registration
18 for the ONE MANHATTAN mark.

19 38. Upon information and belief, JEC's claim of priority and likelihood of confusion is
20 intended to cause Midbar to alter or abandon its rights in the ONE LAS VEGAS mark and
21 interfere with Midbar's use of the ONE LAS VEGAS mark. JEC's claim of priority and
22 likelihood of confusion has caused Midbar to suffer actual harm by interfering with Midbar's
23 prospective contracts with businesses relating to Midbar's ONE LAS VEGAS project.

24 39. Upon information and belief, JES knows or should know that its claimed rights in
25 THE ONE LAS VEGAS are not superior to Midbar's rights in the ONE LAS VEGAS mark.

26 40. Upon information and belief, Defendants are each the alter ego of the other, and
27 are the officer, agent, servant, representative, and/or employee of the other, acting in participation
28 with the other, having authority or apparent authority to bind the other.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

56086.1

41. Defendants are joint and severally liable for all their tortious conduct as identified and described herein.

## COUNT I
### (Declaratory Judgment under 28 U.S.C. § 2201)

42. Midbar incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

43. An actual case and controversy exists between Midbar and Defendants regarding Midbar's rights in the ONE LAS VEGAS mark and Defendants' alleged rights in ONE formative marks, including THE ONE LAS VEGAS.

44. There is an adversarial conflict between Midbar and Defendants regarding whether there is a likelihood of confusion between Midbar's ONE LAS VEGAS mark and Defendants' ONE marks.

45. A real and reasonable apprehension of litigation regarding the scope of Defendants' rights, if any, exists.

46. This controversy is ripe for adjudication.

## COUNT II
### (Common Law Unfair Competition)

44. Midbar incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

45. Defendants are inappropriately seeking to obtain an unfair competitive advantage by using Defendants' alleged rights in ONE marks to prevent Midbar from obtaining a federal registration for its ONE LAS VEGAS mark, even though Midbar's application for ONE LAS VEGAS predates the One Group's application for THE ONE LAS VEGAS.

47. As a direct and proximate result of such unfair competition, Midbar has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III
**(Tortious Interference with Prospective Economic Advantage)**

48. Midbar incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

49. Midbar has prospective contractual relationships with third parties relating to the ONE LAS VEGAS project.

50. Defendants knew or should know of such prospective relationships.

51. Defendants intended to harm Midbar by preventing or interfering with the relationships in the absence of privilege or justification.

52. Midbar has suffered actual harm as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Midbar respectfully requests that the Court:

A. Enter a declaratory judgment that:

1. Midbar owns superior rights over Defendants in the ONE LAS VEGAS mark for the services recited in Midbar's application;

2. Midbar's ONE LAS VEGAS mark does not infringe or otherwise violate Defendants' alleged rights in its ONE formative marks;

B. Grant temporary, preliminary and permanent injunctive relief prohibiting Defendants from:

1. using the ONE LAS VEGAS mark, and any confusingly similar marks for the same or related goods and services;

2. pursuing or maintaining federal or state trademark applications or registrations for the ONE LAS VEGAS mark, or any confusingly similar marks for the same or related goods and services;

3. claiming rights in ONE formative marks that Defendants do not have rights in; and

4. directly or indirectly interfering with Midbar's ONE LAS VEGAS project and use of the ONE LAS VEGAS mark;

1  C. Award compensatory, exemplary, and other damages to Midbar in an amount to be
2  determined at trial;
3  D. Award attorneys' fees and costs to Midbar; and
4  E. Grant to Midbar any other relief that is just.
5  DATED this 23rd day of January, 2006

Respectfully submitted,

LEWIS AND ROCA LLP


By: /s/ Michael J. McCue
MICHAEL J. McCUE (Nevada Bar #6055)
JOHN L. KRIEGER (Nevada Bar #6023)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Attorneys for Plaintiff

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

-8-

56086.1